## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DIAKA OREA, INDIVIDUALLY and as PERSONAL REPRESENTATIVE OF THE ESTATE OF TYRA SHANNON, OQUENDO HARRIS, RANETTA HARRIS, MICHAEL SHANNON and DARQUISE GOWDY,<br><br>　　　　Defendants. | Cause No. 4:18-CV-110 |

## COMPLAINT FOR INTERPLEADER AND OTHER RELIEF

COMES NOW Plaintiff, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") by and through their undersigned attorneys, Hinshaw & Culbertson LLP, and for its Complaint for Interpleader and Other Relief, state as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this interpleader action pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. Pro. 22 to obtain adjudication as to the competing claims to funds which Plaintiff is holding pursuant to a Group Term Life ("Life Policy") and Group Accidental Death and Dismemberment Policy ("AD&D") (together "the Policies") under which Tyra Shannon, now deceased ("Decedent") was covered.  The adverse claimants are siblings or half-siblings Diaka Orea, Individually and as Personal Representative of the Estate of Tyra Shannon, Oquendo Harris, Ranetta Harris, Michael Shannon, and Darquise Gowdy, the surviving child of the Decedent. There is a dispute as to the rightful distribution of the benefits under the Policies.  Plaintiff requests that it be allowed to deposit with the court the proceeds at issue, $80,000.00, and allow the Defendants to litigate the issue as to the rightful owner of those proceeds.

## PARTIES

2.     Interpleader Plaintiff LINA is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. It is duly licensed to do business in the State of Missouri.

3.     Upon information and belief, Diaka Orea is the personal representative of the Estate of Tyra Shannon and a sibling or half-sibling of the Decedent, she is a citizen of the State of Missouri and domiciled in St. Louis County, Missouri.  *See* Letters of Administration from Probate Court, attached herein as Exhibit A.

4.     Upon information and belief, Oquendo Harris is a sibling or half-sibling of the Decedent, he is a citizen of the State of Missouri and domiciled in St. Louis County, Missouri.

5.     Upon information and belief, Ranetta Harris is a sibling or half-sibling of the Decedent, she is a citizen of the State of Missouri and domiciled in St. Louis County, Missouri.

6.     Upon information and belief, Michael Shannon is a sibling or half-sibling of the Decedent, he is a citizen of the State of Missouri and domiciled in St. Louis County, Missouri.

7.     Upon information and belief, Defendant Darquise Gowdy is the surviving child of the Decedent, he is a citizen of the State of Missouri and domiciled in St. Louis County, Missouri.

8.     Upon information and belief, Darquise Gowdy has been charged with the murder of Decedent and L.S., a minor at the time of death and son of Decedent.  *See* Indictment, Missouri Circuit Court Cause No. 1622-CR03350, attached herein as Exhibit B.

## JURISDICTION AND VENUE

9.     Pursuant to Fed. R. Civ. Pro. 22, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332, for the matter in controversy in this action exceeds the

301005888v1 1003797

sum of $75,000, exclusive of costs, and is between citizens of different states pursuant to 28 U.S.C. §1332(c)(1).

10. Venue in this Court is appropriate pursuant to 28 U.S.C. 1391(a) because all defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this jurisdictional district.

## GENERAL ALLEGATIONS

11. Plaintiff issued the Group Term Life (Policy No. FLX 963718) and Group Accidental Death Policy (Policy No. OK 965352)("Policies") to Decedent's employer, the Board of Education of the City of Saint Louis. Decedent was a participant in the Saint Louis Public Schools employee benefit plan (the "Plan") and as part of the Plan elected coverage under the Policies. *See* true and correct copy of Policy No. FLX 963718 attached herein as Exhibit C. *See also* true and correct copy of Policy No. OK 965352) attached herein as Exhibit D.

12. In the event of Decedent's death, the Life Policy provides for a benefit of $40,000, and the AD&D Policy provides for a $40,000 benefit (collectively, "Benefits"). *See* Proof of Loss, attached as Exhibit E.

13. The Decedent did not designate any beneficiaries. As such LINA requested that a Preference Beneficiary's Affidavit be completed. *See* Preference Beneficiary's Affidavit, attached as Exhibit F.

14. On August 2, 2016, the Decedent died from stab wounds to her head and neck. *See* true and correct copy of the Certificate of Death attached herein as Exhibit G.

15. On August 2, 2016, L.S. died from a stab wound of the neck. *See* true and correct copy of the Certificate of Death attached herein as Exhibit H.

16. As a result of Ms. Shannon's death, the proceeds of the Policies became payable to the beneficiaries of the Decedent.

17.     Per the Missouri Uniform Simultaneous Death Law, L.S. is deemed to have predeceased Decedent.

18.     The Missouri Uniform Simultaneous Death Law §471.040 states "[w]here the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously the proceeds of the policy shall be distributed as if the insured had survived the beneficiary."

19.     On September 23, 2016, Darquise Gowdy was indicted in the deaths of Decedent and L.S. *See* Exhibit B.

20.     On April 3, 2017, an Order was entered stating that due to a psychiatric evaluation of Darquise Gowdy, pursuant to Sec. 552.020 RSMO. 2000, the Court found that Mr. Gowdy lacked the mental fitness to proceed with the criminal trial.  The Court further committed Mr. Gowdy to the Custody of the Director of the Department of Mental Health. *See* Court Order of April 3, 2017, attached herein as Exhibit I.

21.     On or about July 25, 2017, LINA received a claim for the Benefits under the Policies by Diaka Orea, as Personal Representative of the Estate of Tyra Shannon asking that the Benefits be deposited into an estate account and distributed as ordered by the Probate Court. *See* Policies Claim Letter, Dated July 25, 2017, attached herein as Exhibit J. *See also* Correspondence from Laura Lumaghi, Dated October 20, 2017, attached herein as Exhibit K.

22.     Under Missouri Law, if a [beneficiary] is guilty of the intentional killing of the insured without legal excuse or justification, he is not entitled to benefit from her wrong and is not entitled to the insurance proceeds. *In re Estate of Laspy*, 409 S.W.2d 725 (Mo. App. 1966); *Wells v. Harris*, 414 S.W.2d 343 (Mo. App. 1967); *Wells v. Harris*, 434 S.W.2d 783 (Mo. App. 1968).  Murder in either the first or second degree is an intentional killing without legal excuse

or justification. Further, a beneficiary who intentionally and feloniously causes the death of an insured may not take under the policy of the insurance. *Thomas v. Evans*, 941 S.W.2d 872, 874 (Mo. Ct. App. 1997).

23. LINA cannot determine whether a court will determine that Missouri Law prohibits Darquise Gowdy from collecting the Benefits, as he is not fit to stand trial.

24. If a court were to determine that Mr. Gowdy may not recover the Benefits, then the Benefits would likely be payable to the siblings of Decedent.

25. Considering the current posture of Mr. Gowdy's court case, as well as the claim to the Benefits from the Estate of Tyra Shannon and the possibility that benefits could be payable to the siblings of Decedent, LINA cannot determine the proper beneficiary of the Benefits without risking exposure to double liability.

26. As a mere stakeholder, LINA has no interest in the Benefits (except to recover its attorney fees and costs of this action). LINA therefore respectfully requests that this Court determine to whom the Benefits should be paid.

27. LINA is ready, willing, and able to pay the Benefits, in accordance with the terms of both Policies, in such amounts and to whichever Defendant or Defendants the Court shall designate.

28. LINA will deposit into the Registry of the Court the Benefits due and owing under the terms of the Policies, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff, LINA requests the following relief:

a. That LINA be permitted to deposit the proceeds of the Group Term Life (Policy No. FLX 963718) and Group Accidental Death Policy (Policy No. OK 965352)

totalling $80,000 with the Clerk of this Court for further distribution to any or all of the Defendants as may be ordered by this Court;

    b.    That LINA is discharged from any further liability under the Group Term Life (Policy No. FLX 963718) and Group Accidental Death Policy (Policy No. OK 965352) and each defendant be enjoined, pursuant to 28 U.S.C. § 2361, from instituting or prosecuting any action against LINA for the recovery of the proceeds from the Policies or any part thereof;

    c.    That LINA be dismissed from this action;

    d.    That LINA recover its costs incurred in bringing this action; and

    e.    Such other and further relief as the Court deems appropriate.

Dated this 24th day of January

**HINSHAW & CULBERTSON LLP**

/s/ James M. Brodzik
Daniel K. Ryan
James M. Brodzik, #66700
521 West Main Street
Suite 300
Belleville, IL 62220
P: 618-277-2400
F: 618-277-1144
dryan@hinshawlaw.com
jbrodzik@hinshawlaw.com
Attorneys for Defendant LIFE INSURANCE
COMPANY OF NORTH AMERICA

301005888v1 1003797

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed and served electronically via the Court's ECF system on all parties receiving ECF notices, on this 24th day of January 2018.

/s/ James M. Brodzik